# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| JACKQUELINE KAY GRIFFIS, | : |
| Plaintiff, | : |
| VS. | : |
| | : 7 : 09-CV-149 (HL) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on December 15, 2009, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence

preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff filed an application for disability and Supplemental Security income benefits on April 26, 2005, alleging disability commencing on August 23, 2002. (T- 99). Her claims were denied initially and upon reconsideration. (T- 30-31, 61-63, 77-80). A hearing was held before an ALJ in Waycross, Georgia on September 25, 2007. (T-1102-1162). Thereafter, in a hearing decision dated October 10, 2007, the ALJ issued a decision unfavorable to the Plaintiff. (T- 10-21). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (T- 3-6).

*Statement of Facts and Evidence*

The Plaintiff was fifty-four (54) years of age at the time of the ALJ's decision, and alleged disability since August 23, 2002. (T- 99). Plaintiff had filed prior applications for disability benefits that were denied upon reconsideration on June 25, 2004. The ALJ determined that legally sufficient conditions did not exist for reopening the prior applications, and therefore, the relevant time period for deciding Plaintiff's case began on June 26, 2004, the day after the date of the prior final determination. (T - 13).

Plaintiff has a high school education with some vocational training, and past relevant work experience as a jewelry sales representative, inventory clerk, and house cleaner. (T- 1112-15, 1157-58). As determined by the ALJ, Plaintiff suffered from severe impairments in the form of

osteoarthritis of the hands and fingers, spinal degeneration, asthma, and right shoulder weakness. (T-15). The ALJ, relying on the testimony of a Vocational Expert, found that the Plaintiff had the residual functional capacity to return to her past relevant work as a jewelry salesperson and thus was not disabled. (T- 18-20).

## DISCUSSION

In asserting that the Commissioner's decision that the Plaintiff is not disabled is not supported by substantial evidence, the Plaintiff argues that the Appeals Council erred in failing to consider new evidence and that the ALJ "ignored many reports of the Claimant's depression and cherry-picked two dates when the Claimant was not expressing anxiety. Moreover, he found no restrictions of daily living contrary to the medical evidence of record, including the Social Security Administration's own consultative exams." (Doc. 9, p. 13).

*New evidence*

Plaintiff asserts that the Appeals Council erred in failing to consider evidence from Dr. A. Kenneth Fuller dated May 26, 2009 and submitted to the Appeals Council on June 26, 2009. (T - 1096-98). The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). The new evidence must relate to the period on or before the ALJ's hearing decision. *Id.* Herein, the Appeals Council reviewed the evidence from Dr. Fuller dated May 2009, but ultimately found that the evidence concerned "a later time [and] it does not affect the decision about whether [Plaintiff was] disabled beginning on or before October 10, 2007." (T - 4).

In *Ingram v. Comm'r. of Social Security Administration*, 496 F.3d 1253 (11th Cir. 2007), the

Eleventh Circuit discussed the review of new evidence submitted to the Appeals Council, and found that "a decision of the Appeals Council to deny review after refusing to consider new evidence is a part of the 'final decision' of the Commissioner subject to judicial review under sentence four of section 405(g)." *Id.* at 1265 (*citing Keeton v. Dep't. of Health & Human Services*, 21 F.3d 1064 (11th Cir. 1994)). Herein, the Plaintiff challenges the Appeals Council's alleged failure to consider the new evidence.

However, the decision of the Appeals Council makes clear the fact that the Council did consider the evidence and specifically found it inapplicable to the time period under consideration by the ALJ. (T - 4). Moreover, as argued by the Commissioner, although the May 26, 2009 letter references Plaintiff's treatment by Dr. Fuller beginning in February 2007, the letter details results of a 2009 mental status examination and does not appear to relate to prior treatment periods. (T - 1097-98). This letter does not contain any reference to its relevance to Plaintiff's condition as it existed prior to October 2007, and Dr. Fuller specifically states that Plaintiff "is *currently* totally disabled". (T - 1098) (*emphasis added*). Thus, the evidence does not appear to be material to any change in the ALJ's decision, as it relates solely to Plaintiff's condition and treatment in May 2009. Accordingly, the Appeals Council properly declined to remand this matter based on this new evidence.

*Substantial evidence review*

The Plaintiff argues in general that the ALJ's decision is not supported by substantial evidence, but provides little specific legal argument in this regard. Plaintiff does assert that the ALJ erred in finding no restrictions in the Plaintiff's daily living activities and in ignoring findings regarding Plaintiff's depression.

A review of the Plaintiff's contentions and the ALJ's decision reveals that the ALJ considered

the Plaintiff's complaints of mental impairment but found insufficient evidence to support a finding of any severe mental impairment at Step 2 of the sequential evaluation process. To the extent that the Plaintiff asserts that the ALJ erred in failing to find that her mental conditions were severe impairments at Step 2 of the sequential evaluation process, the record contains no evidence of any significant work-related limitations imposed by these conditions. There is no indication from the Plaintiff as to how her mental conditions resulted in any functional limitations related to her ability to perform substantial gainful activity and therefore should have been given greater consideration by the ALJ.

The ALJ reviewed the Plaintiff's mental impairments using "the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments", and determined that Plaintiff suffered only mild limitations in three of these four categories and no limitation in the fourth. (T - 16). The ALJ noted that the Plaintiff did not allege depression as an impairment until she appealed the initial denial of her claims for disability benefits, and that her mental status, as reflected in treatment notes, changed from week to week. (T - 15). The ALJ's conclusions are supported by the objective medical record. (T - 365-377). The record reflects multiple treatment notes in which Plaintiff either denied or failed to report any depression or mental impairments. (T - 330D, 331, 331B, 940, 945-46, 973, 975-76, 982, 984). Moreover, consultative examination results dated November 30, 2005 show that the Plaintiff suffered only mild limitations in activities of daily living and did not have a severe mental impairment. (T - 365-378).

In an attempt to establish that the ALJ erred in failing to find her mental impairments severe, Plaintiff points to psychiatric treatment for a period of six (6) months, ending approximately two (2) months prior to the ALJ's decision herein, wherein treatment notes reference Plaintiff's statements

5

regarding pain and not feeling "normal". (T - 907-914). Additionally, Plaintiff points to marriage counseling as evidence of psychiatric treatment, and psychiatric review forms that show mild to moderate limitations in Plaintiff's activities of daily living. (T - 526, 375, 517). However, such evidence does not establish the existence of severe mental impairments that impact the Plaintiff's functional capacities. The ALJ recognized that the Plaintiff had some degree of mental impairment, but concluded that Plaintiff's "[a]ctivities of daily living are generally intact, and alleged limitations are primarily due to alleged pain and somatic complaints", and this conclusion is supported by substantial evidence. (T - 15, 16).

Moreover, the ALJ's finding of any severe impairment at Step Two of the sequential evaluation process will generally satisfy the requirements of the sequential evaluation process. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). The ALJ's findings regarding the Plaintiff's severe impairments are supported by substantial evidence.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 3rd day of March, 2011.

*s/ THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**